IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID ROBERT KITCHEN,<br>Petitioner, | )<br>)<br>) |
| v. | ) No. 3:17-CV-942-C |
| WARDEN DJ HARMON,<br>Respondent. | )<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## I. Factual background

Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241. Petitioner is an inmate in the federal prison system. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.

Petitioner was convicted in the Eastern District of Virginia of possession of child pornography in violation of 18 U.S.C. § 2252. *United States v. David R. Kitchen*, No. 2:15-CR-047 (E.D.VA). He was sentenced to 108 months in prison.

On April 4, 2017, Petitioner filed this petition pursuant to 28 U.S.C. § 2241. He argues he is actually innocent because the Naval Crime Investigation Service (NCIS) conducted the investigation of this case, but NCIS did not have lawful authority or jurisdiction because he was a

Page 1

naval contractor rather than a member of the military, his offense did not involve the use of military equipment, and the offense did not occur on military property.

## II. Discussion

Title 28 U.S.C. § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his sentence. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Title 28 U.S.C. § 2241, however, may be used by a federal prisoner to challenge the legality of his sentence if he or she can satisfy the requirements of the § 2255 "savings clause." The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

The petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack v. Ysuff*, 218 F.3d 448, 452 (5th Cir. 2000)). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also, Pack*, 218 F.3d at 453 ("[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy.").

The savings clause of § 2255 applies to a claim (I) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim

Page 2

should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904.

In this case, Petitioner does not rely on any retroactively applicable Supreme Court decision that was foreclosed by circuit law at the time of trial of first § 2255 petition. The petition should therefore be denied.

### III. Recommendation

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition under 28 U.S.C. § 2241 be denied.

Signed this __1__ day of __June__, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).